## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESSIE BRAND | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. |
| VS. | * | |
| | * | |
| DOW LOUISIANA FEDERAL CREDIT UNION | * | COMPLAINT AND DEMAND |
| AND TRANS UNION, LLC | * | FOR A JURY TRIAL |
| | * | |
| DEFENDANTS | * | |

# COMPLAINT

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for defendant Dow Louisiana Federal Credit Union's and Trans Union, LLC's violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 for reportng and keeping an account that was charged off in the 1990s on plaintiff Jessie Brand's consumer report as a newly charged off account.

## II. JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. §1681p, 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

3.     Plaintiff, Jessie Brand (hereinafter referred to as "plaintiff" or "Mr. Brand") is a natural person who resides in Ascension Parish, Louisiana, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

4.     Defendant Dow Louisiana Federal Credit Union (hereinafter referred to as "Dow FCU") is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.  Dow FCU is a federal credit union doing business in the state of

Louisiana, who can be served through its president/chief executive officer, Richard Williams, 21925 Highway 1, Plaquemine, Louisiana 70764.

5.    Defendant, Trans Union, LLC (hereinafter referred to as "Trans Union"), is a consumer reporting agency under the FCRA.  Trans Union is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, The Prentice-Hall Corporation Systems, Inc., 320 Somerulos Street, Baton Rouge, LA 70802.

### IV. FACTUAL ALLEGATIONS

6.    In 1990 Mr. Brand obtained an unsecured loan from defendant Dow FCU.

7.    In 1991 Mr. Brand obtained a second unsecured loan from defendant Dow FCU.

8.    By 1997 Mr. Brand defaulted on both of these accounts and  thereafter filed for bankruptcy protection under chapter 7 of the United States Bankruptcy Code in the Middle District of Louisiana.

9.    After filing for bankruptcy protection, Mr. Brand received a discharge on March 20, 1998.

10.    Mr. Brand listed both of these accounts in his bankruptcy filing and both of these accounts were discharged.

11.    Mr. Brand did not make any payments on these accounts after filing his bankruptcy and they were charged off to profit and loss by defendant Dow FCU no later than 1998.

12.    In July 2014, Mr. Brand discovered that both of these accounts were now being reported by Dow FCU to defendant Trans Union as charged off accounts as of July 2014.

13.     Since these accounts are being reported with charge off dates of July 2014, these accounts will remain on Mr. Brand's consumer report as maintained by defendant Trans Union through the year 2021.

14.     These accounts should not have been reported on Mr. Brand's consumer report after 2005 at the latest under 15 U.S.C. § 1681c(a)(4).

15.     Upon learning these accounts were now on his consumer report as maintained by defendant Trans Union, Mr. Brand immediately contacted defendant Dow FCU about these accounts being reported incorrectly.

16.     Dow FCU was therefore put on notice of the exact problem with these accounts being reported as if they were accounts being freshly charged off to profit and loss.

17.     Thereafter, Mr. Brand notified defendant Trans Union in writing on or about August 25, 2014  that he disputed these accounts as being obsolete and that they were charged off to profit and loss in the 1990s.

18.     Trans Union notified Dow FCU of Mr. Brand's disputes pursuant to 15 U.S.C. § 1681i.

19.     In response to Mr. Brand's disputes it received from Trans Union, Dow FCU verified to co-defendant Trans Union that these accounts were bing reported correctly and did not change the dates on which they were charged off to when they were actually charged off to profit in loss, which was no later than 1998.

## DEFENDANT DOW FCU'S PRACTICES

20.     Defendant Dow FCU negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

21.     As a result of defendant Dow FCU's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his credit reputation, emotional distress, mental anguish, and problems in obtaining credit, for which he seeks damages in amounts to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## DEFENDANT TRANS UNION'S PRACTICES

22.     Defendant Trans Union negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a).

23.     As a result of defendant Trans Union's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his credit reputation, emotional distress, mental anguish, and problems in obtaining credit, for which he seeks damages in  amounts to be determined by the jury.  Plaintiff also seek punitive damages from defendant Trans Union in an amount to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against each defendant for:

a)      Actual damages;

b)      Punitive damages;

Page 4 of  5

c)      Attorney fees, litigation expenses and costs; and

d)      Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

<div style="margin-left:45%">

s/Garth J. Ridge

**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com

</div>